UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| **WEEKS MARINE, INC.** | **CIVIL ACTION** |
| versus | **NO. 4:16-cv-03642** |
| **UNITED STATES OF AMERICA** | **JUDGE** |
| | **ADMIRALTY** |

## VERIFIED ORIGINAL COMPLAINT

Plaintiff Weeks Marine, Inc. (Weeks) files this *Verified Original Complaint* against Defendant United States of America, acting in the name of its agency, the United States Army Corps of Engineers (USACE), and avers on information and belief as follows:

## PARTIES

1. Weeks Marine, Inc. is a corporation organized and existing under and by virtue of the laws of the State of New Jersey, with a principal place of business located at 4 Commerce Drive, 2nd Floor, Cranford, New Jersey, 07016.

2. Defendant United States of America was a party to the related, underlying action litigated in this district entitled *Contango Operators, Inc., et al. v. United States of America and Weeks Marine, Inc.*, bearing civil action number 4:11-cv-00532, the Honorable Sim Lake presiding.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this lawsuit pursuant to 41 U.S.C. § 7102(d), 46 U.S.C. § 30901-30914, and 28 U.S.C. § 1333.

1

4.	This Court has venue pursuant to 28 U.S.C. § 1391(b), given that this lawsuit is based on the related, underlying action litigated in this district entitled *Contango Operators, Inc., et al. v. United States of America and Weeks Marine, Inc.*, bearing civil action number 4:11-cv-00532, the Honorable Sim Lake presiding.

## FACTS

5.	The Regulatory Division of the USACE is the sole entity responsible for issuing permits for the construction of all structures, including pipelines, in or above any navigable waters of the United States of America.

6.	On September 7, 2007, Contango Operators, Inc. (Contango) filed with the Regulatory Branch of the USACE an application for a permit to construct a pipeline in the Gulf of Mexico, off the coast of Louisiana.

7.	The channel labeled in Contango's permit application as the "Atchafalaya Pass Channel" was included within the USACE's listing of dredging projects under the name "Atchafalaya Rivers, Bayous Chene, Bouef & Black."

8.	One portion of Contango's pipeline permit application clearly showed that the pipeline would cross the Atchafalaya Bar Channel, a federally-maintained waterway which was regularly dredged.

9.	Ronnie Duke, a chief in the Regulatory Branch who reviewed Contango's permit application, failed to recognize that the Contango pipeline would cross the Atchafalaya Bar Channel, a federally-maintained waterway.

10.	In drafting the plans and specifications to be included in dredging contracts, the USACE identifies all pipelines in the area to be dredged.

11. The Waterways section, where the drafting of the dredging contracts is performed, relies upon the Regulatory Branch to provide it with all pipeline permits in the proposed dredging area.

12. Based on Mr. Duke's failure to recognize the Contango pipeline crossed the Atchafalaya Bar Channel, Mr. Duke did not forward the Contango pipeline information to Kristin Johnson, the design engineer who drafted the plans and specifications which were included in the contract documents for Weeks' dredging contract.

13. On November 15, 2007, the Regulatory Division of the USACE approved Contango's application to construct a pipeline.

14. Contango completed construction of the pipeline, and it went into operation, in April of 2008.

15. On April 7, 2009, the USACE issued a bid solicitation for the maintenance dredging of the Atchafalaya Bar Channel.

16. The bid solicitation plans and specifications called for a dredged channel at least 400 feet wide, and 22 feet deep, from Station 475 + 00 to Station 1355 + 00 in the Atchafalaya Bar Channel, and purportedly identified all pipelines that crossed the Atchafalaya Bar Channel, but failed to identify the Contango pipeline.

17. The reason for the omission of the Contango pipeline was that Ronnie Duke, the chief of the Regulatory Branch, and the person who reviewed Contango's permit application, did not recognize that the Contango pipeline would cross the Atchafalaya Bar Channel, a federally-maintained waterway; thus, he did not forward it to the Waterways section where it would have been made available to Kristin Johnson, the design engineer who drafted the plans and

specifications which were included in the Atchafalaya Bar Channel dredging contract, contract number W912P8-09-C-0103.

18.     The USACE awarded the Atchafalaya Bar Channel dredging contract, contract number W912P8-09-C-0103, to Weeks on August 17, 2009.

19.     Ms. Johnson knew that the Atchafalaya Bar Channel was a federally-maintained waterway and believed that the Regulatory Branch had provided her with pipeline permits for all pipelines in the area to be dredged.

20.     If the Regulatory Branch had provided Ms. Johnson with the Contango pipeline permit, she would have listed that pipeline on the contract documents as well, regardless of whether the pipeline was completed or still under construction.

21.     At the time of the accident, the custom and practice of all dredging contractors was to rely on the pipelines listed in the USACE contract documents.

22.     The USACE was aware of this custom and practice, and knew that Weeks Marine, Inc. relied solely on the USACE contract documents when it performed its dredging operations.

23.     The USACE expected Weeks Marine, Inc. to follow the USACE contract documents, and not to independently locate pipelines within the scope of work.

24.     Contract number W912P8-09-C-0103 did not require Weeks to independently locate pipelines or obstructions.

25.     Contract number W912P8-09-C-0103 only required Weeks to verify the locations of the pipelines specifically identified in the contract documents.

26.     In performing contract number W912P8-09-C-0103, Weeks did in fact rely upon the contract documents provided by the USACE to identify the existence of all pipelines and

4

obstructions in the scope of work, as it is the custom and practice in the dredging industry to do so.

27. Weeks understood that the pipelines identified in contract number W912P8-09-C-0103 were the only ones that existed within the scope of work, and took the absence of any other pipelines or obstructions as an affirmative representation by the USACE that no pipelines other than those identified existed within the scope of work.

28. In compliance with the verification requirement contained in contract number W912P8-09-C-0103, Weeks contacted owners of the identified pipelines to obtain precise information about each identified pipeline's location, and so a pipeline representative could be on board when the dredge neared an identified pipeline.

29. The USACE had a construction representative on board the dredge on a daily basis, and a senior construction representative visited weekly.

30. Weeks' day-to-day operations were subject to the review and approval of these USACE representatives.

31. The USACE representative could have shut down the job if he saw something going wrong.

32. On February 24, 2010, during the course of operations, the Weeks dredge G.D. MORGAN struck the Contango pipeline which had never been identified by the USACE on the USACE's plans.

33. Weeks was never cited by the USACE and never received any notices of deficiency with regard to its work on the project.

34. The project was completed on March 31, 2010, whereupon a USACE representative conducted a Performance Evaluation for the contract and found that Weeks satisfactorily completed and fulfilled the terms and conditions of the contract.

35. Weeks provided the USACE with a finished product as called for contract number W912P8-09-C-0103: a dredged channel 400 ft. wide, 22 ft. deep, from Station 475 + 00 to Station 1355 + 00 in the Atchafalaya Bar Channel.

36. On February 11, 2011, Contango, *inter alios*, commenced Civil Action No. 4:11-cv-00532 in the United States District Court for the Southern District of Texas, Houston Division, against the USACE, through the United States of America (USA), and Weeks Marine, Inc.

37. Weeks was unable to assert a cross-claim against the USACE because it had not made a claim under the Contract Disputes Act.

38. Weeks could not make a claim under the Contract Disputes Act because the amount that Weeks would claim under the Contract Disputes Act had not been reduced to a sum certain until July 13, 2015.

39. Contango obtained a *Judgment* against the USACE and Weeks on March 27, 2014, finding the USACE 60% at fault, and Weeks 40% at fault, for the cause of Contango's damages.

40. The *Judgment* was unsuccessfully appealed by both the USACE and Weeks.

41. After the time frame for pleading for rehearing by the United States Court of Appeals for the Fifth Circuit, or for *writ of certiorari* with the Supreme Court, the *Judgment* against Weeks Marine, Inc., in the total amount of five million, nine hundred thousand, eight

hundred ninety-seven dollars and fifty-five cents ($5,900,897.55), was due and owing as of July 13, 2015.

42. Weeks paid Contango $5,900,897.55 to satisfy the *Judgment*.

43. The USACE failed to include the Contango pipeline in contract number W912P8-09-C-0103 as a known pipeline existing within the scope of work, and failed to advise Weeks of its location and existence at any time prior to the February 24, 2010 incident.

44. The USACE's failure to include the Contango pipeline in contract number W912P8-09-C-0103 as a known pipeline existing within the scope of work, and for failing to advise Weeks of its location and existence at any time prior to the February 24, 2010 incident, constitutes breach of contract and/or negligence and/or gross negligence, as the USACE had actual knowledge of the location and existence of the Contango pipeline, knew that Weeks utilized contract number W912P8-09-C-0103 as the sole source of information for conducting its dredging operations, and failed to advise Weeks of the location and existence of the Contango pipeline at any time prior to the February 24, 2010 incident.

45. Weeks justifiably relied upon the USACE's failure to disclose the Contango pipeline at any time prior to the February 24, 2010 incident as a representation and/or positive assertion by the USACE that no pipelines other than the ones disclosed within contract number W912P8-09-C-0103 existed.

46. Specifically, the USACE's failure to disclose the existence of the Contango pipeline while describing the existence of five other pipelines in the scope of work was a representation and/or positive assertion by the USACE that there were only five pipelines in the scope of work, and no others.

47. Caveatory and exculpatory contractual provisions, such as references to "unidentified pipelines" in the dredging contract here, do not shift the liability flowing from an express or implied representation made by the USACE and reasonably relied upon by Weeks.

48. As a result of the USACE's breach of contract and/or negligence and/or gross negligence, Weeks is entitled to indemnity and/or contribution from the United States of America in the amount of $5,900,897.55.

49. All conditions precedent to the institution of this litigation have been satisfied, including Weeks making a claim against the USACE under the Contract Disputes Act, and filing this suit within one year of the denial.

**WHEREFORE,** Plaintiff Weeks Marine, Inc. prays that its *Verified Original Complaint* against Defendant United States of America be deemed good and sufficient, and that after due proceedings are had, that this Honorable Court enter *Judgment* in favor of Plaintiff Weeks Marine, Inc., and against Defendant United States of America, finding Defendant United States of America liable for all of the alleged damages sustained by Plaintiff Weeks Marine, Inc., and for all other legal, equitable, and general relief to which Plaintiff Weeks Marine, Inc. may be entitled.

Respectfully submitted on December 12, 2016.

                                                WAITS, EMMETT, POPP & TEICH, L.L.C.

                                                s/Matthew F. Popp
                                                MATTHEW F. POPP
                                                Texas Bar No. 24039679
                                                Southern District of Texas Bar No. 30894
                                                1515 Poydras Street, Suite 1950
                                                New Orleans, Louisiana  70112
                                                Telephone:   (504) 581-1301
                                                Facsimile:    (504) 585-1796
                                                E-mail:         mpopp@wep-law.com

**UNITED STATES ATTORNEY**
**SOUTHERN DISTRICT OF TEXAS**
**KENNETH MAGIDSON**
**1000 LOUISIANA STREET, SUITE 2300**
**HOUSTON, TEXAS  77002**


**UNITED STATES ATTORNEY GENERAL**
**LORETTA E. LYNCH, ESQ.**
**950 PENNSYLVANIA AVENUE, NW**
**WASHINGTON, D.C.  20530-0001**